# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JULIE BOLDEN | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV689 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on October 14, 2010, claiming entitlement to disability benefits due to impairments from status post surgery from abdominal mass, migraine headaches, obesity, and history of gout. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on May 9, 2012. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Susan Brooks, testified.

On August 29, 2012, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on September 23, 2013. Therefore, the August 29, 2012 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2013.

2. The claimant has not engaged in substantial gainful activity since September 21, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post surgery for abdominal mass, migraine headaches, obesity and history of gout (20 CFR 404. 1520© and 416.970©).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift and carry 20 pounds occasionally, 10 pounds frequently, stand/walk and sit for 6-hours of an 8-hour workday, no climbing ladders/ropes or scaffolds and occasional stooping.

6. The claimant is capable of performing her past relevant work as a sales person. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 21, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(T.R. 12-17).

2

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

# ANALYSIS

Plaintiff's point of error is whether the ALJ's failure to consider a closed period of disability prejudiced her claim such that remand is required. Plaintiff argues that she was disabled from July 1, 2010 through July 1, 2011. The ALJ considered her case from an onset date of September 21, 2008 to the date of the hearing on September 30, 2013. Plaintiff concedes that her disability is for the former period noted and that, since July 2011, she would not meet the SSA's regulations as to disability. Plaintiff argues that, for the closed period of disability claimed, her large fibroid uterine mass and concurrent pain disabled her.

The ALJ considered this period in rendering his opinion. He cites specifically the ER notes from Medical City Plano. Plaintiff described her pain as dull and nagging without radiation (T.R. 179). After discharge, she reported her pain as 3/10 as to severity.

In September, she was in the ER at Texas Health Plano. Although the large mass was noted with a distended abdomen, no rebound or guarding was noted (T.R. 195). A consultative exam noted that she had some pains (sic) off and on controlled by pain medication (T.R. 203). To be disabling, pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment. *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001). There is nothing in the medical records to support a finding of disability from pain.

The ALJ also considered and relied on the opinions of the State Agency Medical Examiner. The SSA regulations dictate such. *See* 20 C.F.R. §§ 404.1527(f)(2)(I) and 416.927 (f)(2)(I).

Plaintiff's fibroid mass was removed in April 2011. The mass was noted to be at a 30-week size (T.R. 285). Shortly before her surgery, she was not complaining of pain with the mass (T.R. 305). After the surgery, she was only taking ibuprofen for discomfort, with no other major

complaints (T.R. 310). All followup records indicate no pain. There was substantial evidence to support the ALJ's decision, and Plaintiff's point of error is overruled.

Pursuant to the foregoing, the decision of the Administrative Law Judge is **AFFIRMED**

**SO ORDERED.**

 **SIGNED this 29th day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE